# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2010

No. 09-60701
Summary Calendar

Lyle W. Cayce
Clerk

SHOU GUO WANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A-095-207-356

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Shou Guo Wang is a native and citizen of the People's Republic of China. Wang petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen. This court applies a highly deferential abuse of discretion standard when reviewing the BIA's denial of a motion to reopen. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005).

Wang asserts that he should be allowed to file a motion to reopen, despite the fact that he has exceeded the number limitations for such motions, because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of changed country conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2). The filing limitations on motions to reopen do not apply if, inter alia, the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); § 1003.2(c)(2); *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).

Wang has failed to show that if he returns to China that he will be subject to persecution because of changed country conditions. *See* § 1229a(c)(7)(C)(ii). Thus, the BIA did not abuse its discretion by denying his motion to reopen. *See Panjwani*, 401 F.3d at 632. The petition is therefore DENIED.